# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA FOR THE USE AND BENEFIT OF | |
| | |
| JAVIER LOPEZ CASTRO<br>7918 Stork Rd.<br>Alexandria, VA 22306 | Civil Case No. : |
| | |
| PEDRO FRANCISCO CAMPOS DE LEÓN<br>13516 Kingsman Rd.<br>Woodbridge, VA 22193 | |
| | |
| JESUS AVELAR<br>12920 Occoquan Rd.<br>Woodbridge, VA 22192 | |
| | |
| *Plaintiffs,* | |
| | |
| v. | |
| | |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br>1400 American Lane, Tower I, 19th Floor<br>Schaumburg, IL 60196-1056 | |
| | |
| Serve:  Corporation Service Company<br>1090 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | |
| | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>One Tower Square<br>Hartford, CT 06183 | |
| | |
| Serve: Wanda O'Hare<br>Travelers Indemnity Company<br>111 Schilling Road<br>Hunt Valley, MD 21031 | |
| | |
| *Defendants.* | |

## COMPLAINT

Plaintiffs, the District of Columbia for the use and benefit of JAVIER LOPEZ CASTRO, PEDRO FRANCISCO CAMPOS DE LEÓN, and JESUS AVELAR, by their undersigned counsel, Omar Vincent Melehy and Melehy & Associates, LLC, hereby bring suit against Defendant Fidelity and Deposit Company of Maryland and Travelers Casualty and Surety Company of America under the Davis-Bacon Act and the Little Miller Act.

Plaintiffs allege as follows:

1.    The Plaintiffs have filed a related action in this Court, *Javier Lopez Castro, et al. v. Molecular Systems, Inc., et al.*, case number 1:13-cv-00456, which is currently pending before Judge James E. Boasberg.

2.    This action arises from the contract (the "Contract") between the District of Columbia and Whiting-Turner Construction Company ("Whiting-Turner") to perform services for the construction of the Consolidated Forensic Laboratory building located at 415 4th St. SW, Washington, D.C. 20024 ("the Project"), a project owned by the District of Columbia government.

3.    Pursuant to the contract, Whiting-Turner provided a payment bond to the District of Columbia government, guaranteed by Fidelity and Deposit Company of Maryland ("Fidelity") and Travelers Casualty and Surety Company of America ("Travelers") (collectively, the "Defendants"), acting as co-sureties.  The bond guaranteed that Plaintiffs would be paid the following regular hourly wages: JAVIER LOPEZ CASTRO ($31.92 per hour), PEDRO FRANCISCO CAMPOS DE LEÓN ($31.92 per hour), and JESUS AVELAR ($31.92 per hour) and one and one half their base pay for each hour over forty that they work in a work week.

4.    The bond agreement is dated October 27, 2009 and the amount of the payment bond

is $130,500,000.00. The Bond number for Fidelity is 8988120, and for Travelers it is 105339864.

5.      A portion of the construction work on the Project involved installation of ceiling grids and ceiling tile. Whiting-Turner subcontracted the installation of drywall and acoustic ceiling to Molecular. Molecular then subcontracted the ceiling installation to Component, which itself subcontracted work to S & J Acoustics, which employed the Plaintiffs to perform on-site work on the Project.

### THE PARTIES

6.      Plaintiffs are all adult citizens, over twenty-one years of age, and residents of the Commonwealth of Virginia. At all times relevant to the Complaint, Plaintiffs were performing work on the Project.

7.      At all times relevant to this Complaint, Plaintiffs completed 100% of their work on the Project in the District of Columbia.

8.      Defendants Fidelity and Travelers agreed to act as sureties on the bond Whiting-Turner furnished to the District of Columbia.

### JURISDICTION

Plaintiffs are asserting a cause of action that arises under the Davis-Bacon Act, 40 U.S.C. § 3142, *et seq.* and the Little Miller Act, D.C. Code § 2-201.01, *et seq,* and the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*

9.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 because Plaintiffs claims involve federal questions.

10.       This Court has *in personam* jurisdiction over Defendants because they conduct business in District of Columbia and/or because the events giving rise to these claims occurred in

the District of Columbia.

## VENUE

11.     The events giving rise to this complaint occurred in District of Columbia, making venue in this Court proper under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

12.     At various times from July or August, 2011 through May 2012, Plaintiffs performed ceiling work on the Project.   Plaintiffs received their pay checks from S & J Acoustics.

13.     Whiting-Turner's subcontractors promised to pay Plaintiffs $31.92 per hour for their work on the Project.

14.     The information contained below concerning the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are approximate estimates and Plaintiffs reserve the right to amend the complaint to correct or clarify these claims as additional facts become available.

15.     Plaintiffs do not have access to records of Whiting-Turner;s subcontractors on the Project.   Plaintiffs' hours worked and, therefore, can only estimate the number of hours they worked.   An estimate of the time frames during which they worked is contained in the succeeding paragraphs of this Complaint.   Plaintiffs reserve the right to correct or amend any allegations as to the number of hours they worked in a particular work week and the amounts that they were paid.

16.     Plaintiff Javier Lopez Castro performed work on the Project from approximately August 10, 2011 to approximately May 25, 2012, a period of approximately 42 consecutive work weeks, including overtime hours during many work weeks.   He was entitled to $31.92 per hour

for the first 40 hours of a work week and $47.88 for each hour over 40.  Although initially paid at those wages, he was paid less than his promised wages—specifically, he was paid $16.00 per hour—at all times after approximately December 12, 2011.  He is owed approximately $18,000.00, plus penalties and liquidated damages.

17.    Plaintiff Pedro Campos performed work on the Project from approximately December 12, 2011 to May 25, 2012, a period of 24 consecutive work weeks, including overtime hours during many work weeks.  At no time during his employment did he receive $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40.  Specifically, he was paid $14 per hour, regardless of whether he worked over 40 hours in a work week, for approximately 816 hours of work. During his employment with Defendants, Plaintiff Pedro Campos generally worked approximately eight hours a day, five (5) days a week.  He is owed approximately $19,000.00, plus penalties and liquidated damages.

18.    Plaintiff Jesus Avelar Guzman performed work on the Project from approximately August 10, 2011 to approximately May 4, 2012, a period of twenty-one (39) consecutive work weeks, including overtime hours during many work weeks.  He was promised wages of $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40.  Although initially paid these wages, he was paid less than his promised wages at all times after approximately December 12, 2011.  He is owed approximately $16,000 plus penalties and liquidated damages.

**COUNT I**
**VIOLATIONS OF THE DAVIS –BACON ACT AND LITTLE MILLER ACT**
**(All Plaintiffs v. All Defendants)**

19.     Plaintiffs re-allege and incorporate herein the allegations contained in the paragraphs above.

20.     The Defendants, as sureties on the bond, guaranteed that Plaintiffs would be paid all wages due to them for the work that they performed at the rates of $31.92 per hour for the first 40 hours of a work week and $47.88 for each hour over 40.

21.     Plaintiffs were not paid at the proper wage rates for the hours they worked.

22.     Within 90 days of the last day that each Plaintiff performed work on the Porject, they sent written notice to Whiting-Turner that they had not been paid the correct wages for the time spent on the Project.  Each sent Whiting-Turner a letter dated July 11, 2012 informing Whiting Turner of the wages that each was owed for work on the Project.

23.     In July, 2012, the Plaintiffs filed an administrative complaint with the Department of Labor.

24.     In February 2013, the matter (Department of Labor File No. 1662074) was assigned to an investigator.

25.     On April 4, 2013, the investigator closed the case after determining that Whiting-Turner had been paid all money it was owed under the Contract and that there were no funds that could be withheld to compensate Plaintiffs for the unpaid wages.

26.     The Plaintiffs exhausted their administrative remedies under the Davis-Bacon Act and, since the government was unable to withhold any funds, the remedy was inadequate to compensate them for any portion of their losses.

27.     Having exhausted the administrative remedy, the Davis-Bacon Act provides that

"the laborers and mechanics have the same right to bring a civil action and intervene against the contractor and the contractor's sureties as is conferred by law on persons furnishing labor or materials." 40 U.S.C. § 3144(a)(2).  The Portal-to-Portal Act provides a two-year statute of limitations for claims under the Davis-Bacon Act.  29 U.S.C. § 255(a).

28.     Persons furnishing labor for the construction of a public building in the District of Columbia can pursue a claim against the surety of the bond that the prime contractor is required to provide under D.C. Code § 2-201.01(a) (the Little Miller Act).

29.     Accordingly, the Plaintiffs bring this claim against the Defendants, as co-sureties of the bond that Whiting-Turner furnished to the District of Columbia pursuant to the Little Miller Act.

WHEREFORE, Plaintiffs request that this Court enter judgment against all Defendants, jointly and severally, in the following amounts:

a.      for the amount of unpaid compensation due to Plaintiffs, approximately $53,000, and an additional equivalent amount of the unpaid wages as liquidated damages, approximately $53,000, a total of $106,000;

b.      for attorneys' fees, costs, and expenses of this action and for such other further relief as the Court may deem appropriate.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
Phone:  (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
Attorneys for Plaintiffs

7