UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THE DISTRICT OF COLUMBIA** *ex rel.*
**JAVIER LOPEZ CASTRO,** *et al.*,

    Plaintiffs,

        v.

**FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,** *et al.*,

    Defendants.

Civil Action No. 13-818 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiffs are laborers who worked for a third-tier subcontractor in the construction of a District of Columbia building. Believing that they were underpaid, they brought this action on May 31, 2013 against the two sureties on the construction-payment bond, alleging violations of the federal Davis-Bacon Act and the District of Columbia's Little Miller Act. On June 24, 2013, Defendants filed Motions to Dismiss, arguing, *inter alia*, that the statute of limitations on Plaintiffs' claims has expired and that Plaintiffs are not covered by Defendants' bonds. Although the defense was not raised by Defendants, the Court *sua sponte* issued an Order on September 18, 2013, requiring Plaintiffs to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. See NetworkIP, LLC v. F.C.C., 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.") (internal quotation marks and citation omitted). The parties have now briefed this issue. Because the Court remains convinced that it does not have subject-matter

1

jurisdiction to hear this suit until certain administrative findings have been made by the Department of Labor, it will stay the case to allow Plaintiffs to seek such findings.

The DBA allows an action by laborers against sureties to recover unpaid wages. See 40 U.S.C. § 3144(a). Before laborers may bring suit in federal court, however, the Department of Labor needs to make certain findings. See Response at 7-9 (Plaintiffs admitting that DOL must find it has withheld insufficient funds). In its prior Order, the Court determined that other findings, in addition to those regarding the sufficiency of withheld funds, must be made – namely, that Plaintiffs were performing DBA-eligible work and that each Plaintiff was paid a below-DBA wage. See Order at 2-4 (citing U.S. ex rel. Bradbury v. TLT Const. Corp., 138 F. Supp. 2d 237 (D.R.I. 2001) (finding that unpaid laborer could not bring claim in federal court until DOL had determined that he was owed money and that DOL was unable to withhold sufficient funds to cure the underpayment); Johnson v. Prospect Waterproofing Co., 813 F. Supp. 2d 4, 7 (D.D.C. 2011) (quoting Bradbury for proposition that laborers can only bring suit "after there has been an administrative determination that some money is owed and that insufficient funds have been withheld to compensate the affected laborer"); Horne v. Scott's Concrete Contractor, LLC, No. 12-01445, 2013 WL 3713653, at *5 (D. Colo. July 16, 2013) (adopting magistrate judge's conclusion that DBA claim could be dismissed for failure to allege necessary administrative determinations)). Because Plaintiffs had not alleged that these necessary findings were made, the Court ordered them to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

Plaintiffs contend in their Response to the Order to Show Cause that "[t]he majority of cases the Court cited [in its Order] confirm that, as a pre-requisite to suit, the DBA does not require an administrative determination of the wages owed when there are no accrued payments

to disburse." Response at 7. To support this notion, Plaintiffs point out that some of the cases the Court cited in its Order addressed only the requirement of alleging that the Comptroller General had withheld insufficient payments. See id. at 7-8 (citing cases). These cases, however, only stand for the proposition that <u>one</u> administrative determination that must be made as a prerequisite to suit is that the Comptroller General has withheld insufficient payments. They do not stand for the proposition – as Plaintiff would have the Court believe – that <u>other</u> administrative determinations need not also be made. Plaintiffs ask the Court to either ignore the multiple cases that do squarely address the issue at hand or hold that they are "overly restrictive." Id. at 8.

Yet Plaintiffs have not provided the Court with any basis to do so. Nor can the Court accept Plaintiffs' invitation to interpret the DBA liberally to allow this suit to go forward. Id. at 2-4 (asking the Court to "refuse to adhere strictly to the plain wording of the statute in order to effectuate the legislative purpose" of benefiting construction workers) (internal quotation marks and citation omitted). The Court only has jurisdiction as far as the statute allows. Section 3144(a) permits jurisdiction only once three findings have been made, and that is not the case here.

In the alternative, Plaintiffs ask the Court to "stay the case pending Plaintiffs' request to the DOL that it reopen the case and make" the necessary determinations. Id. at 11. This was how the court proceeded in <u>Bradbury</u>, a similar case where no administrative determination regarding wages owed had been made. See <u>Bradbury</u>, 138 F. Supp. 2d at 245; see also <u>U.S. ex rel. Favel v. St. Paul Fire & Marine Ins. Co.</u>, No. 99-60, 2001 WL 92149 (D. Mont. Feb. 1, 2001) (staying case "pending a Davis–Bacon determination by the DOL"). Defendants' only arguments in response to Plaintiffs' request for a stay concern problems Plaintiffs might have

after the requisite administrative findings have been made.  See Reply at 6-8 (arguing that even if DOL made the requisite findings, the Court would still not have jurisdiction because the case would then be controlled solely by DCLMA).  The Court, however, is in no position to address Defendants' merits arguments until jurisdiction exists.  See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 217 (5th Cir. 1998) ("The rule that we first address our jurisdiction is so fundamental that 'we are obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'") (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)), rev'd sub nom. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is STAYED pending an administrative determination by the Department of Labor; and
2. The parties shall provide a joint status report by December 17, 2013, and every 45 days thereafter while the stay is pending.

**SO ORDERED**.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  November 1, 2013